## THE WEATHERBY.[1]

### SPRECKELS *v.* THE WEATHERBY.

*(District Court, E. D. Pennsylvania.    December 9, 1891.)*

GENERAL AVERAGE—ADJUSTMENT—PAYMENT.

A cargo of sugar damaged by a collision was sold in Germany, and the proceeds received by the owners of the vessel, and subsequently paid over to the cargo owner, less a portion retained to cover average charges; the rate of exchange calculated being the rate at the time of the payment by the vessel owner to the cargo owner. After paying the average charges, the vessel owner claimed that he should be allowed the difference between the amount in American money which the amount of English money received would have produced at time of receipt of same by him and the amount of American money actually accounted for. *Held,* as the cargo owner was entitled to this amount when received by the vessel owner, the rate of exchange at that time was that by which the amount of American money due the cargo owner should be determined, the delay being compensated for by interest.

In Admiralty.

Petition by libelant for order on respondent to pay over remainder of money left in his hands after deduction of average charges. Answer of respondent, and cross-petition by respondent to restate account. A cargo of sugar, shipped by Claus Spreckels on the steam-ship Weatherby, was damaged by collision; and the proceeds of the sale of the cargo, which was sold in Germany, was remitted to the vessel owner in England on June 15, 1890, and was retained by him until October, 1890, when, in pursuance of a decree of court, the sum in hand was declared to be $51,-842, which, less a sum of $15,000, retained to cover average charges, was paid over to Spreckels. After adjustment Spreckels claimed $7,375.46, the difference between the average charges and the $15,000 retained, together with interest on the amount retained. The vessel owner then moved to restate his account so as to account only for so many dollars as the amount of pounds which came into his hands would have produced on June 15, 1890, at the rate of exchange current on June 15, 1890.

*John G. Johnson* and *Morton P. Henry,* for libelant.

*Curtis Tilton* and *John F. Lewis,* for respondent.

BUTLER, J.    On the question raised by the petition and answer my judgment is with the respondent.    On receiving the proceeds of the sugar

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

sold it was the respondent's duty to transmit its value in American money. His failure to do so rendered him liable to suit for the amount with interest for the delay. His liability could neither be increased nor diminished by the subsequent variation in the rate of exchange. The libelant's entire loss was the detention of the sum he should have received. When it was paid, with interest for the detention, he is made whole. There is nothing in the relation of the parties to affect the result. The respondent was not guilty of fraud or breach of trust, in the technical sense; and the doctrine applied in *Reese* v. *Bank*, 31 Pa. St. 78; *Musgrave* v. *Beckendorff*, 53 Pa. St. 310; *North* v. *Phillips*, 89 Pa. St. 250; and other cases of like character, is, consequently, not applicable here. The error into which the adjusters fell, and led the parties,—by means of which the sum due was stated in the interlocutory order of October 31, 1890, as $51,842, instead of $51,343.86, may be corrected in the final settlement, now being made. The order does not stand in the way of such corrections. If the parties agree upon the amount still due (in this view of the libelant's rights) a decree may be prepared accordingly; otherwise the case must go to a commissioner. See adjuster's certificate annexed hereto:

"*State of New York, City and County of New York—ss.:* Stephen Loines, being duly affirmed, deposes and says as follows: That he is a member of the firm of Wreaks & Loines, average adjusters in New York aforesaid, and that on or about December 31, 1890, his said firm completed and issued an adjustment of general averages and special charges on cargo in the case of the British steam-ship Weatherby, Harrison, master, while on a voyage from Hamburg, April, 1890, for Philadelphia, in which statement, acting upon an erroneous impression of the facts, the net proceeds of cargo sold at Hamburg was stated as being $51,842, whereas the amount should have been stated as $51,343.86, the latter sum being the equivalent at the rate of exchange current on or about June 15th, 1890, the day of the date upon which the owner of the steam-ship Weatherby should have transferred the amount received by him in England as the proceeds of the sale of such cargo (say £10,588–10–11) to the cargo owner in Philadelphia, or say at the rate of exchange of $4,849.
"STEPHEN LOINES.

"*State of New York, City and County of New York.* This twenty-third day of November, 1891, before me personally appeared Stephen Loines, to me known, and known to me to be the individual described in and who executed the foregoing document, and he acknowledged that he executed the same for the purposes therein mentioned. In testimony whereof I have hereunto set my hand and affixed my seal of office in the city of New York the day and year last above written. W. D. DESPARD, Notary Public."