### THE VERDI.

(District Court, S. D. New York. April 3, 1920.)

No. 565.

Payment ⊗═12(5)—Costs of repairs to vessel repayable at current rate of exchange.

Where a collision between two British vessels occurred in New York Harbor, and suit therefor was brought in that district, but repairs were made in England and paid for in English pounds, and demurrage was also computed by agreement in that money, in reducing such sums to American money for the purposes of the decree, the rate of exchange applicable *held* to be the current rate at the time the damages became payable, as fixed by the decree.

In Admiralty. Suit by Thomas Wilson Sons & Co. against the steamship Verdi. Decree for libelant.

This suit was brought to recover damages for a collision off the quarantine anchorage, Staten Island, New York, on September 21, 1915, between claimant's steamship Verdi and libelant's steamship Barrano. The vessels were each British-owned. The temporary repairs and expenses in New York were $1,509.

The permanent repairs and expenses were incurred in England, and were paid for there on or about January 1, 1916, in British currency, amounting to £1,791.2.6. The demurrage in New York and England occasioned by the collision amounted to £6,478.0.9. The commissioner converted these sums into American dollars at $4.74 per pound sterling, the rate of exchange on January 1, 1916, the date upon which it is apparently assumed by the parties that all the damages were ascertainable. The correctness of his decision is challenged here by exceptions to his report.

Burlingham, Veeder, Masten & Fearey, of New York City (Charles Burlingham and Charles E. Wyth, both of New York City, of counsel), for libelant.

Kirlin, Woolsey & Hickox, of New York City (Robert S. Erskine, of New York City, of counsel), for claimant.

AUGUSTUS N. HAND, District Judge (after stating the facts as above). The collision occurred and the libelant's right of action accrued in New York Harbor within the jurisdiction of this court. Consequently damages for loss were payable here, though both parties were British subjects. The mode which the parties have in effect adopted of calculating the damages as equivalent to the actual cost of repairs and incidental expenses, plus the amount which the ship would have earned when off time, is a mere method of arriving at the amount of damage suffered by the collision at New York, and then and there payable when ascertained. This is not, therefore, a case of pounds sterling due in England, suit to recover which is brought in New York. The damages were payable in dollars here, and while the parties have agreed upon the measure of damages in pounds sterling, a portion of which were expended in England, that is a mere method of computing the damages suffered in New York and finally ascertainable on January 1, 1916.

The libelant under this method of adjustment was entitled to the payment in New York on January 1, 1916, of the number of dollars represented by £8,269. We are not seeking the equivalent of £8,269 in dollars, in order to replace that number of pounds in England, but are ascertaining what was the damage on January 1, 1916, in dollars represented by £8,269. That can only be calculated at $4.74 for each pound sterling, the then rate of exchange. Nothing less can indemnify the libelant for the damages suffered in New York, payment of which was due here when ascertained.

It is contended that the damages cannot be determined until final decree, because the action sounds in tort, and that the rate of exchange then prevailing should therefore be adopted. This somewhat archaic argument, if pushed to an extreme, would bar interest prior to the date of the decree. The parties, however, have selected January 1, 1916, as the date to fix the amount of their damages in pounds sterling. The case is not one of transmitting these pounds sterling to New York, but of finding their equivalent in dollars on January 1, 1916. This can only be done by employing the rate of exchange prevalent at that date. The matter is quite different from one of a continuing obligation to pay pounds sterling in England, the failure to perform which would be compensated for by interest. Here the obligation was to

pay dollars in New York. Failure to pay them is similarly compensated for by interest, but as the initial damages were calculated in pounds they must be converted into dollars at the value the pounds had at the time and place of payment. That is measured by the rate of exchange then prevailing.

The view I have taken is supported by The Weatherby (D. C.) 48 Fed. 734; The Cabot, 4 Fed. Cas. 961, No. 2,277; Forbes v. Murray, 9 Fed. Cas. 415, No. 4,928, and the unreported decision of Judge Learned Hand, in this court, on January 19, 1920, in the case of Constantinidi v. Benas. I think the rule enunciated in the interesting discussion by Mr. Justice Story in the case of Grant v. Healey, 10 Fed. Cas. 978, No. 5,696, where payment was due in loco fori litis, involves the conclusion I have reached, although there he allowed the par of exchange.

The report of the commissioner is correct, and is confirmed.