## THE HURONA.

### SOCIÉTÉ DE TRAVAUX & INDUSTRIES MARITIMES v. RUBY S. S. CORPORATION, Limited.

(District Court, S. D. New York. April 3, 1920.)

No. 566.

**Payment ☞12(5)—Libelant's advances to vessel payable at prevailing rate of exchange.**

　　Libelant made advances in France in francs to the master of respondent's vessel, and brought suit to recover for such advances in the United States. *Held* that, the amount being payable in France, in French money, libelant was entitled to a decree for such sum in dollars as would purchase the requisite number of francs at the rate of exchange prevailing at the date of the decree.

In Admiralty. Suit by the Société de Travaux & Industries Maritimes against the steamship Hurona; the Ruby Steamship Corporation, Limited, claimant. Decree for libelant.

Kirlin, Woolsey & Hickox, of New York City (Robert S. Erskine, of New York City, of counsel), for libelant.

George B. Hayes, of New York City, for claimant.

AUGUSTUS N. HAND, District Judge. In this case advances were made at Marseilles, France, by the libelant to the master of the steamship Hurona, amounting to 119,007.65 francs, between June 3 and July 12, 1919. Thereafter this proceeding was instituted in rem in this court, after presentation of a bill for the advances to the agent of the steamship in New York and failure to pay them.

The rate of exchange of French francs on July 12, 1919, was 6.85 francs to the dollar; on September 5, 1919, when the bill was first presented in New York, was 8.60 francs to the dollar; and on January 29, when the parties filed a stipulation providing that interest was to be

figured from July 12, 1919, on all advances, the rate of exchange was 13.20 francs to the dollar.

I think there can be no doubt that the amount due from the vessel to the libelant was payable in France, where the advances were made and the services rendered. Consequently this case differs, in my opinion, from that of Thomas Wilson Sons & Co., Ltd., v. Steamship Verdi, 268 Fed. 908, in which I am this day handing down an opinion.

The only obligation of the vessel was to pay 119,007.65 francs in France; so long as this is performed, and that number of francs, plus interest, is paid to libelant, its claims are fully satisfied, and it is completely indemnified. This is, therefore, purely a case of transmitting funds from one country to another, and of rendering a decree which will enable the libelant to have the amount of money in francs which was due to it in France on the 12th day of July, 1919.

The dictum of Mr. Justice Story in Grant v. Healey, Fed. Cas. No. 5,696, and of Mr. Justice Washington in the case of Smith v. Shaw, Fed. Cas. No. 13,107, likewise the decision of the Supreme Court of Wisconsin in Hawes v. Woolcock, 26 Wis. 629, are in accord with my conclusion.

I think the recent case of Kirsch & Co. et al. v. Allen Harding & Co., Ltd., decided in the King's Bench Division by Roche, J., and reported in 36 Times Law Reports 59 (November 21, 1919), is likewise in point. In that case the plaintiffs were merchants in New York, who had made a contract with the defendants in England, whereby the defendants had agreed to purchase certain quantities of condensed milk from the plaintiffs. The defendants were found guilty of a breach. It was held that the damages the plaintiffs had suffered in dollars should be converted into pounds sterling at the rate of exchange prevailing at the date of rendering judgment. That was a case where the money was apparently payable in New York. Plaintiffs were accordingly reimbursed, if they secured a judgment in the Court of King's Bench which would enable them to be paid the amount of money, with interest, represented in pounds sterling based on exchange at the date of the judgment.

The report of the commissioner is modified, so as to allow the libelant 119,007.65 francs converted at the rate of exchange prevailing at the date of entering the decree, with interest from July 12, 1919.